**MEIERS, Will of, In re, THEIS, et, Appellants.**

Ohio Appeals, Second District, Miami County.

No. 440. Decided November 6, 1947.

Philip M. Collins, Cincinnati, for applicant-appellant.
Shipman and Shipman, Troy, for appellee.

## OPINION

By HORNBECK, J.:

The appeal on questions of law is from an order of the Probate Court of Miami County, Ohio, ordering the probate of the last will and testament of Marie Margaret Meiers, deceased. Succeeding the application for the probate of the will, counsel for Philip Theis, appellant, filed objection to the admission of the will for the reason "that the decedent did not live in Miami County at the time of her said death, and that she was not domiciled there, and hereby denies that said court has jurisdiction to entertain said application." Issue was made on the objection so filed, no other objection being offered to the probating of the will.

The sole question presented in the trial court was, whether or not the decedent was domiciled in Miami County at the time of her death as contemplated by §10504-15 GC.

This section, in part, provides:

"A will shall be admitted to probate; (1) In the county in which the testator was domiciled if, at the time of his death, he was domiciled in this state; (2) When a will is presented for probate persons interested in its probate may contest the jurisdiction of the court to entertain the application."

The only question presented here is whether or not the finding and order of the Probate Court is manifestly against the weight of the evidence.

It is urged by counsel for the appellant that a certain letter written by decedent in her lifetime after she had moved to the city of Cincinnati "is indicative of the domicile of the deceased." This is true and it does tend to prove that the final domicile of the decedent was in Cincinnati as did some of the oral testimony. But there is considerable evidence to the contrary offered by other witnesses.

It was incumbent upon the Probate Court to weigh all of the testimony and to reconcile it insofar as possible. Having done so, it was determined that at the time of decedent's death she was domiciled in Miami County. There is ample evidence in the record if it be accepted as true to support this conclusion. The weight of the testimony and the credibility of the witnesses was peculiarly within the province of the trial judge, and we are bound by the well accepted rule that we may not reverse in the exercise of this prerogative, unless and until the order or judgment is so manifestly against the weight of the evidence that it is shocking to the conscience of the reviewing court. This, we can not find upon the record before us.

It was also urged in the oral presentation of the appeal that the court erred in placing the burden on the question raised by appellant upon him. We can not find that the court at any time expressed any opinion whatever as to which party was obligated to produce the burden of proof. There was some discussion of the matter at the time the court began the hearing, but without a ruling, counsel for appellant proceeded to introduce his testimony. We can not, therefore, say upon whom the court placed the burden of proof in deciding the jurisdictional question and there is then no basis for any assignment of error upon this claim. We may assume that the court properly required the proponent of the will to make proof of all essentials requisite to its probate, the first of which was the jurisdictional question involved here.

The judgment must be affirmed.

WISEMAN, PJ, and MILLER, J, concur.